O’Neall, J.
delivered the opinion of the Court.
In this case, the first ground of appeal alone has been argued, and will alone be considered. For upon it, the whole case turns, and by its decision will be filially disposed of.
I have again considered the construction which I gave to the deed on the circuit, and I have seen no reason to change my opinion.
A deed is inter vivos, and is to take effect in presentí. Such a thing as a deed to a person unknown, or not in esse, cannot be. For there is no one, in such a case, who can receive the actual or constructive delivery. It is true, there may be a remainder after a life estate. For there, the remainder rests upon and is supported by the life estate. In personalty, according to our decisions, there may also be a remainder by deed, after a life estate. But such a thing as a direct and immediate gift of personalty to persons not in esse, has not as yet been allowed, and I trust never will be.
In this case the deed sets out that “in consideration of the natural love and affection which I have and bear unto my. beloved children, namely Martha and Avan, and if I should have any more children, they shall, all my children, be equal, and share equal, in this my property, given and intended to be granted and given and confirmed, and by these presents do give, grant and confirm unto my said children four negro slaves, to wit: Liz, Charlotte, Charlotte and Lewis, together with all their increase, and also all my moveable estate both real and personal. To have and to hold the said negroes with their increase, and also the other premises before mentioned, unto my said children, their executors, administrators and assigns, from henceforth to their own proper use, and uses thereof, and therewith to do, order and dispose at their will and pleasure, as of their own proper goods and chattels, freely and peaceably and quietly without any manner of let, trouble, or denial of me the said Magdalen Ulmer, or any other person or persons whatsoever; of all which premises I, the said Magdalen Ulmer, have put the said my children, in full and peaceable possession by virtue hereof.” When this is read, it seems to me too clear to admit of doubt, that it vested the property in the children then born, and mentioned in it, Martha and Avan, and that the post nati, who came into being many years after, had no legal estate whatever.*' Every part shews this. To whom had the donor natural love and affection 1 Certainly the children whom she had already borne. Those who were yet to be born, were altogether too much uncertain to be the subjects of love or affection. This was especially the case with an unmarried woman like Margaret Ulmer, who, although she had borne two ille- *105 gitimates, Martha and Avan, yet in legal contemplation was to be regarded as incapable of again repeating the offence, ^ which indeed she never did, having after many years married, and become the mother of several legitimate children. The deed, it is true, mentions, in this part, the post nati, but the interest which she intends to give is more in the nature of a command to Martha and Avan than an attempt to convey to the post nati; it simply declares, they, the affer-bom children, shall be “equal and share equal, in this my property given, and intended to be granted and given and confirmed.” This might in Equity make a trust, in Martha and Avan, to share with the after-born children ; but it would still leave the legal estate in Martha and Avan. For they alone could take it, .at the execution of the deed, and the estate must vest then or not at all. The deed, however, clearly shews, in its other terms, that the estate was by it vested and intended to be vested in the said Martha and Avan. It says, “do give, grant and confirm” unto my said children. What children 1 Remember the words are in the present tense — they contemplate persons then in esse, to accept the gift, grant, and confirmation. “The said children” must apply to the children named. The habendumisto “'the said children, their executors, administrators and assigns from henceforth.” The gift in the contemplation of the deed is to take effect now, and to have effect continually thereafter, in the said children and their representatives. How could that be, unless Martha and Avan take, and take alone 1 The present right of disposition is given to the said children, and the deed winds up by declaring that the donor has put “the said children in full and peaceable possession.” One not in esse could not be put in possession. Martha and Avan alone received the possession, and. in them is the right of property. This case is a much stronger one against the post nati than Kitchen v Craigs where a somewhat similar deed received a construction like that which I have placed on this under consideration.
1 Bail. 119.
Sanders on Uses and Trusts, 137-8.
The effect of this deed may be tested in another way. If Martha and Avan had been of full age, and before the post nati were born, (for several years intervened before that event) they had sold and conveyed the slaves, could there have been a doubt, that the sale would have been good ? I presume not. That being so, it follows that the legal estate is in the said Martha and Avan.
If this had been a conveyance of land, the most that could have been made of it, between the parties, would have been that, at law, the legal estate was in the grantees Martha and Avan ; and in Equity, that they might have been regarded as trustees of a springing or shifting use, 1st for themselves, 2d for themselves and the after-born children, as they respectively come into being. In Equity, I suppose, the same
Moore v. Bair3&Q4 Bail"
result, in personalty, would be attained, under the same circumstances. But in Equity, against third persons without notice, such a trust never could be set up. In that Court as
well as this, the statute of limitations would be a perfect protection.
Here the only inquiry is, where is the legal estate ? When that is ascertained, as here, to be in Martha and Avan, no matter who may be the cestui que trusts, if four years have elapsed from the accrual of the right of action, and there be no disability, the statute is a bar. ' motion 'is dismissed.
Richardson, J. Evans, J. and Frost, J. concurred.
Motion refused.